UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTERBAKE FOODS, LLC,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No.  1:22-cv-00052-LEW<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT INTERBAKE FOODS, LLC'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

NOW COMES Defendant Interbake Foods, LLC ("Interbake"), pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6), and moves to dismiss Plaintiff Gregory Paul Violette's ("Plaintiff") Civil Complaint against Interbake (the "Complaint") in its entirety for the following reasons: (1) Plaintiff's vague and otherwise unintelligible allegations fail to provide a short and concise statement of the claim showing that Plaintiff is entitled to relief or state its claims in numbered paragraphs pursuant to the Federal Rules of Civil Procedure; (2) Plaintiff does not plead the elements of a products liability claim or enough facts to state a products liability claim that is plausible of its face; and (3) Plaintiff does not plead the elements of a false advertising claim or enough facts to state a false advertising claim that is plausible of its face.

Underlying these fatal deficiencies in Plaintiff's claims is the fact that Plaintiff is a serial *pro se* litigant.  He has filed at least <u>twenty cases</u> that have ended up before this Court alone,[1] as

---

[1] *See, e.g., Violette v. Francis et al.*, No. 1:17-cv-00026-DBH (D. Me. Apr. 13, 2017); *Violette v. Ripley et al.*, No.  1:17-cv-00027-DBH (D. Me. Apr. 13, 2017), ECF No. 9; *Violette v. Pannier et al.*, No.  1:17-cv-00028-DBH (D. Me. Apr. 13, 2017), ECF No. 9; *Violette v. Betty Crocker General Mills Inc.*, No. 1:18-cv-00372-LEW (D. Me. Dec. 20, 2018); *Violette v. CBHH LLC et al.*  No. 1:19-cv-00015-GZS (D. Me. Aug. 1, 2019); *Violette v. Turgeon et al.*, No. 2:19-cv-00417-JAD (D. Me. Aug. 27, 2020); *Violette v. Phillips et al.*, No. 2:19-cv-00458-JNL (D. Me. Jan 7, 2021); *Violette v. Phillips et al.*, No. 2:19-cv-00492-JNL (D. Me. Jan 13, 2021); *Violette v. Baker et al.*, No. 2:19-cv-00479-PJB (D. Me. Mar 8, 2021); *Violette*

well as at least <u>twenty-five</u> cases since 2017 filed in Maine Superior Court. *See* attached Exhibit A, Table of Maine State Court Cases. The Plaintiff's prodigious filings have worked through various industries: reentry and housing entities; banks; food manufacturers; nutritional supplement makers; and communications companies, and they continue to be filed during the pendency of this action. *See Violette v. NewMarket Health Products, LLC*, No. 1:22-cv-00057-NT (D. Me. Mar. 3, 2022). This case, like so many of the Plaintiff's previous and ongoing scattershot suits, is unfounded. Indeed, Plaintiff has recently initiated essentially identical actions against two other food manufacturers, paradoxically alleging the same harm that Plaintiff purports to ascribe to Interbake. *See Violette v. McKee Foods Corporation*, No. 1:21-cv-00292-LEW, (D. Me. Dec. 20, 2021) ECF No. 1-1 (making mostly identical "factual" claims); *Violette v. Pepsi-Cola*, No. 1:22-cv-00053-JAW (D. Me. Feb 22, 2022), ECF No. 1-1 (filed in Maine State Court on January 18, 2022, and making verbatim "factual" claims and seeking same amount in damages).

Numerous cases initiated by Plaintiff have been dismissed by this Court either (1) based on 12(b)(6) motions for failure to state a claim upon which relief can be granted, *see, e.g., Violette v. Dish Network, LLC*, No. 1:20-cv-00459-DBH (D. Me. Jan. 15, 2021) (based on a 12(b)(6) motion to dismiss), or (2) *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), which permits this Court to dismiss cases brought by a plaintiff proceeding *in forma pauperis* if the Court determines, for example, that a case is "frivolous or malicious," or "fails to state a claim on which relief may

---

*v. Turgeon et al.*, No. 2:19-cv-00480-LBM (D. Me. Sept. 19, 2020); *Violette v. Click Bank*, No. 1:20-cv-00412-NT (D. Me. Feb. 23. 2021); *Violette v. Dish Network, LLC*, No. 1:20-cv-00459-DBH (D. Me. Jan. 15 and 22, 2021); *Violette v. Capital One Bank (USA) N.A.*, No. 1:20-cv-00472-GZS (D. Me. May 4, 2021); *Violette v. Citibank N.A.*, No. 1:20-cv-00477-GZS (D. Me. May 4, 2021) ; *Violette v. TD Bank, N.A.*, No. 1:21-cv-00056-GZS (D. Me. Apr. 1, 2021); *Violette v. Pharos House, et al.*, No. 2:21-cv-00148-DBH (D. Me. Sept. 10, 2011); *Violette v. Dr. Victor G. Petreca*, No. 1:21-cv-00212-LEW (D. Me. Sept. 21, 2021); *Violette v. McKee Foods Corporation*, No. 1:21-cv-00292-LEW (D. Me. Dec. 20, 2021); *Violette v. Pepsi-Cola*, No. 1:22-cv-00053-JAW (D. Me. Feb. 22, 2022; *Violette v. NewMarket Health Products, LLC*, No. 1:22-cv-00057-NT (D. Me. Mar. 3, 2022).

be granted," *see*, *e.g.*, *Violette v. Francis et al.* No. 1:17-cv-00026-DBH (D. Me. Apr. 13, 2017); *Violette v. Ripley et al.*, No. 1:17-cv-00027-DBH (D. Me. Apr. 13, 2017), ECF No. 9; *Violette v. Pannier et al.*, No. 1:17-cv-00028-DBH, (D. Me. Apr. 13, 2017) ECF No. 9; *Violette v. Phillips et al*., No. 2:19-cv-00458-JNL (D. Me. Jan 7, 2021), ECF No. 25; *Violette v. Phillips et al.,* No. 2:19-cv-00492-JNL (D. Me. Jan 13, 2021), ECF No. 23; *Violette v. Baker et al.*, No. 2:19-cv-00479-PJB (D. Me. Mar 8, 2021) ECF No. 23; *Violette v. Pharos House, et al.,* No. 2:21-cv-00148-DBH; *Violette v. Dr. Victor G. Petreca,* No. 1:21-cv-00212-LEW (D. Me. Sept. 21, 2021). Dismissal is appropriate here for the same reasons.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint contains no numbered paragraphs and fails to allege the elements of any clear legal theory or cause of action. The Complaint states merely that Plaintiff has purchased "the Interbake Foods LLC Oven Baked Fudge Mint Cookies [the 'Cookies'] over the last few years and ha[s] grown fat, gaining over 40 pounds." Compl. at 1. Interestingly, Plaintiff never actually alleges that he has even consumed the Cookies. Plaintiff also never alleges how many Cookies he has purchased, from whom, or when he purchased them.

The Complaint states that Interbake "uses High Fructose Corn Syrup in their product," and that High Fructose Corn Syrup ("HFCS") "plays a role in the epidemic of obesity as stated by Dr. George A. Bray." *Id*. The following statements contain no clear subject and are unintelligible: "Makes you eat & drink more than you should"; "Body does not digest, turns to fat"; "Stops body from Ex zorbing [sic] vitamins"; "Adds an unnatural amount of fructose to your diet"; "Increases your risk of fatty liver disease"; "Increases you [sic] risk of obesity and weight gain"; "Linked to diabetes"; and "Contain no essential nutrients." Compl. at 1-2.

Plaintiff further states that he has "been feeling fatigued and totally worn out most of the

day" and that his "mental illness has gotten worse over the past few months," without clarifying the context or relevance of these statements. Compl. at 2. Plaintiff then states, "My issues have all been caused by the HFCS in their product," without defining the "issues" or "their." *Id*. Plaintiff further states that he has "over $5,556.00 in medical & mental health cost [sic]" without specifying the causes or any details regarding those costs. And Plaintiff states that "Interbake Foods, LLC has committed an unlawful act and caused harm without legal justification or excuse," without describing the supposed "unlawful act" or the "harm" Interbake supposedly caused. *Id*.

Finally, Plaintiff asks the Court to "award punitive damages and exemplary damages, pain and suffering damages in the amount of $550,000.00 because of Defendant's Product Liability and their false advertising" and "to award attorney fees and court cost [sic] and any other relief that the court deems just." *Id*. However, Plaintiff does not plead the elements of any cause of action or put Interbake on notice of any specific products liability or false advertising claims or causes of action, and particularly not in a manner that would put it on notice of what is actually being alleged against it. In addition to containing no numbered paragraphs, the Complaint contains no counts and states no coherent claims or causes of action to which Interbake could reasonably respond. Therefore, for the reasons set forth herein, Interbake now moves to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Barr v. W. Bath Dist. Court*, 674 F. Supp. 2d 304, 305 (D. Me. 2009). "A defendant may base such a motion on either or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Rule 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Id*. The pleading must, at a minimum, contain "a short and plain

4

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021) (internal citation omitted). Relevant to this motion, and this serial plaintiff in particular, is the well-settled notion that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556. U.S. 662, 679 (2009). Plaintiff must allege facts sufficient to show that the recovery they seek is plausible, not merely conceivable. *Id.* at 678; *see also Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). Mere recitations of the elements of a cause of action (not even present here) and unsupported allegations of an implausible factual theory (present here) are insufficient. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, both the Federal and Maine Rules of Civil Procedure require that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); M. R. Civ. P. 10(b). Plaintiff has plainly failed to do so here, despite extensive experience in filing substantially similar complaints. Significantly, the fact that a litigant is *pro se* does not entitle the litigant to a different or relaxed legal or procedural standards. *See Philbrick v. Me. Dep't of Health & Human Servs.*, 616 F. Supp. 2d 123, 126 n.3 (D. Me. 2009) ("*Pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district."); *Clearwater Artesian Well Co. v. LaGrandeur*, 2007 ME 11, ¶ 8, 912 A.2d 1252 ("As we have repeatedly held, self-represented litigants are afforded no special consideration in procedural matters.").

# ARGUMENT

### I. Plaintiff's Vague and Unintelligible Allegations Fail to Provide a Short and Concise Statement of Any Claim Showing that Plaintiff is Entitled to Relief in Numbered Paragraphs.

"Dismissal for noncompliance with Rule 8 is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Miranda v. United States*, 105 Fed. Appx. 280, 281 (1st Cir. 2004) (internal citations, quotation marks, and brackets omitted). Here, Plaintiff's allegations are so vague, ambiguous, and unintelligible, Interbake is left to speculate as to Plaintiff's legal theories. As in *Miranda*, Interbake "could not reasonably [be] expected to respond to such allegations." *Id.*

Worsening its incoherence, the Complaint contains no numbered paragraphs in violation of Rule 10(b). Similar to the Complaint in *Schneider v. ABC Inc.*, the Complaint here "contains no consistent paragraph numbering system and relatively few concrete factual allegations against" Interbake, and is otherwise "disjointed," "replete with legal conclusions," and "difficult if not impossible to follow," which "in itself warrants dismissal." *See Schneider v. ABC Inc.*, No. 2:20-cv-00078-JDL, 2020 U.S. Dist. LEXIS 157166 *10, 2020 WL 5171391 *4 (D. Me. Aug. 29, 2020), *report and recommendation adopted, Schneider v. ABC, Inc.*, No. 2:20-cv-00078-JDL, 2021 U.S. Dist. LEXIS 61692, 2021 WL 1234692 (D. Me. Mar. 31, 2021) (internal quotation marks omitted).

Therefore, the Court should dismiss the Complaint in its entirety on this basis alone.

### II. Plaintiff Fails to State a Products Liability Claim.

Separately, the Court should dismiss Plaintiff's product liability claim for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff fails to allege the required elements of any specific products liability claim. Plaintiff's allegations are so vague that they leave Interbake to guess as to the alleged theory, which is a sufficient basis alone to dismiss Plaintiff's claim. Even if Plaintiff

had pled the elements of a specific products liability claim, Plaintiff's products liability claim would still fail because Plaintiff has not alleged sufficient facts to state a plausible claim that HFCS caused his alleged conditions or is unreasonably dangerous. Under any theory of products liability, Plaintiff must prove that the product in question is in a defective condition.

### a. Plaintiff Fails to Allege the Required Elements of Any Specific Products Liability Claim.

*1. Plaintiff does not allege a strict products liability claim.* Plaintiff pleads none of the elements required under Maine law for a strict products liability claim. Under Maine's strict products liability statute, "the elements of a defective product cause of action asserted against a seller are: (1) the named defendant sold the goods or products; (2) those goods or products were in a defective condition unreasonably dangerous to the user or consumer or the user or consumer's property; (3) the plaintiff might reasonably have been expected to use, consume, or be affected by the goods or products; (4) the defendant was engaged in the business of selling the goods or products; (5) the goods or products were expected to, and did, reach the user or consumer without significant change in the condition in which they were sold; and (6) the plaintiff or the plaintiff's property suffered physical harm." *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 23 n.7, 19 A.3d 823, 830 (citing 14 M.R.S. § 221 (2010)); *see also Pottle v. Up-Right, Inc.*, 628 A.2d 672, 674-75 (Me. 1993) ("Strict products liability attaches to a manufacturer when by a defect in design or manufacture, or by the failure to provide adequate warnings about its hazards, a product is sold in a condition unreasonably dangerous to the user."). Here, Plaintiff's Complaint does not contain any such allegations.

Plaintiff's Complaint does not assert any specific statutory cause of action, nor does he allege how Interbake's products are allegedly defective – whether by their design, a manufacturing defect, or some kind of failure to provide adequate warning. The First Circuit has made clear that

7

if a Defendant is left to guess as to the cause of action pled against it, this is reason enough for dismissal. *See Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *SEC v. Tambone*, 597, F.3d 436, 442 (1st Cir. 2010)) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."); *see also Iqbal*, 556 U.S. at 678 (stating that the Federal Rules "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

   *2. Plaintiff does not allege a products liability claim based on negligence.* "Products liability sounds in negligence when by its design or failure to warn, the defendant breaches a duty owed to the plaintiff, and such breach was the actual and legal cause of the plaintiff's injuries." *Pottle*, 628 A.2d at 675. "In order to establish negligence under Maine law, a plaintiff must show (1) a duty owed to plaintiff by defendant; (2) a breach of that duty; and (3) that the breach was the actual and legal cause of plaintiff's injury." *Walker v. Gen. Elec. Co.*, 968 F.2d 116, 120 (1st Cir. 1992). Here, Plaintiff's allegations taken as true are insufficient to sustain a products liability claim based on negligence. For example, Plaintiff has not alleged that Interbake failed to meet a standard of care with respect to the manufacture or design of the product or otherwise. Plaintiff likewise does not allege that Interbake's product was defective due to being sold without adequate warning. Under Maine law there is "overlap" between negligence and strict liability theories such that, either way, Plaintiff is required to demonstrate that the product presented an unreasonable risk of harm. *St. Germain v. Husqvarna Corp.*, 544 A.2d 1283, 1285 (Me. 1988). Here, Plaintiff does not do so.

   *3. Plaintiff does not allege a breach of implied warranty claim.* Under Maine law, "[a] plaintiff must show some defect in the product at the time it was sold in order to maintain a claim for breach of the implied warranties of merchantability and fitness for particular purpose." *Walker*

*v. Gen. Elec. Co.*, 968 F.2d 116, 119 (1st Cir. 1992). In addition, the Plaintiff must show that "the defect caused the plaintiff's damages." *Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc*., No. 2:18-cv-00067-JDL, 2018 U.S. Dist. LEXIS 129563, 2018 WL 3676839 (D. Me. Aug. 2, 2018), *aff'd,* 920 F.3d 111 (1st Cir. 2019). Here, even if taken as true, Plaintiff's allegations are insufficient to establish that the Cookies were defective or that any defect in the Cookies caused Plaintiff's alleged damages.

In sum, the Plaintiff fails to state a claim under any conceivable and cognizable theory, and the complaint should be dismissed accordingly.

      **b. Plaintiff's Product Liability Claim Is Implausible.**

Even had Plaintiff alleged the necessary elements for a products liability claim, Plaintiff's products liability claim would still fail because it is implausible on its face. Specifically, Plaintiff does not allege sufficient facts to plausibly claim that the Cookies (1) proximately caused his conditions and (2) were unreasonably dangerous.

*1. Plaintiff does not allege sufficient facts to plausibly claim that the Cookies proximately caused his conditions.* Many foods, not just the Cookies, contain HFCS. Yet, Plaintiff does not even allege that he consumed the Cookies, let alone how many Cookies he ate and over what time period. *See, e.g.*, *Pelham v. McDonald's Corp.*, 237 F. Supp. 2d 512, 538-39 (S.D.N.Y. 2003) ("In order to survive a motion to dismiss, the Complaint at a minimum must establish that the plaintiffs ate at McDonalds on a sufficient number of occasions such that a question of fact is raised as to whether McDonalds' products played a significant role in the plaintiffs' health problems."). The Complaint contains no such allegations.

Even had Plaintiff alleged that he consumed the Cookies, his claim that the Cookies caused his conditions would be implausible. On this point, *S.F. v. Archer-Daniels-Midland Co.* is

9

instructive. No. 13-CV-634S, 2014 U.S. Dist. LEXIS 55195, 2014 WL 1600414 (W.D.N.Y. Apr. 21, 2014) *aff'd*, 594 F. App'x 11 (2d Cir. 2014). There, a plaintiff alleged that the HFCS contained in foods she had consumed over a period of time caused her to develop Type-2 diabetes. *Id*. The Court dismissed the plaintiff's claim as implausible, explaining as follows:

> [E]ven accepting the allegations in the complaint as true, there is little in it to suggest that Plaintiff could prove that her consumption of some foods containing HFCS over the course of her life was a substantial factor in causing Type 2 diabetes. In other words, aside from idly listing various common foods she has eaten, Plaintiff offers limited facts that might lead this Court to believe that she could ultimately show that it was her consumption of these foods, and specifically the HFCS found within these foods (manufactured by these defendants) that led to her disease. One treatise captures this problem in a manner that calls to mind the now relevant pleading standard by noting that "[a] mere possibility of such causation is not enough." WILLIAM L. PROSSER, LAW OF TORTS § 41 (4th ed. 1971); *see Twombly*, 550 U.S. at 557–58 ("[W]e explained that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.").

*Id*.

Here, as in *Archer-Daniels-Midland Co.*, the mere possibility that HFCS in the Cookies caused Plaintiff's conditions is insufficient. A plaintiff must actually allege specific facts showing it is plausible that the product proximately caused his harm, and here Plaintiff has not done so.

*2. Plaintiff fails to allege plausibly that High Fructose Corn Syrup is unreasonably dangerous.* Generally, Maine law applies the "danger utility test" to determine whether a product's design is unreasonably dangerous. However, Maine law applies the "reasonable expectation test" to determine whether a food product is "unreasonably dangerous." *Estate of Pinkham v. Cargill, Inc.*, 2012 ME 85, ¶ 11, 55 A.3d 1, 5. "The reasonable expectation test provides that, regardless whether a substance in a food product is natural to an ingredient thereof, liability will lie for injuries caused by the substance where the consumer of the product would not reasonably have expected to find the substance in the product." *Id.* (internal citation and quotation marks omitted).

A reasonable consumer would expect to find HFCS or some similar ingredient in the Cookies. *See Archer-Daniels-Midland Co.*, 2014 WL 1600414 at *7 ("To be liable, [Defendant's] product must be 'dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it.'") (quoting Restatement (Second) of Torts § 402A). Here, Plaintiff does not allege—let alone plausibly—that the Cookies in any way varied from his expectations or that he did not reasonably expect to find HFCS in the Cookies. Accordingly, Plaintiff cannot prove that Interbake's product proximately caused him harm. For the reasons set forth herein, the Court should dismiss Plaintiff's product liability claim.

### III. Plaintiff Fails to State a False Advertising Claim.

To the extent Plaintiff intended to assert a false advertising claim, Maine does not recognize a common law cause of action for false advertising and Plaintiff does not cite any statute supporting this claim. Plaintiff alleges no facts making such a claim plausible. Defendant should not be left to speculate as to what cause of action (if any) Plaintiff intended to assert. This alone warrants dismissal. Once again, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

The Plaintiff does not mention what law he thinks is violated by "false advertising." Under even an extremely liberal reading of the Complaint, it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff has not asserted any facts to support Interbake's responsibility.

Therefore, the Court should dismiss Plaintiff's false advertising claim.

### IV. The Court Should Dismiss Plaintiff's Requests for Punitive Damages and Attorneys' Fees Because Plaintiff Failed to State a Claim.

As discussed above, the only claims Plaintiff conceivably attempts to assert are for products liability and false advertising. Given those claims fail, Plaintiff has no basis for his

request for punitive damages and attorneys' fees.

Even if those causes of action were cognizable, they cannot support a claim for punitive damages. Under Maine law, a punitive damage award is permitted on a showing, by clear and convincing evidence, that the defendant's tortious conduct was motivated by actual ill will or was so outrageous that malice can be implied. *Weaver v. New England Mut. Life Ins. Co.*, 52 F. Supp. 2d 127, 134 (D. Me. 1999) (citing *Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me. 1985)). Plaintiff has not alleged any facts that could reasonably be construed to support a finding of actual or implied malice. If Plaintiff's "false advertising" claim is construed as an unfair trade practices claim, as this Court explained in another case Plaintiff filed, punitive damages are not recoverable on an unfair trade practices claim. *Violette v. CBHH, LLC*, No. 1:19-CV-00015-GZS, 2019 WL 2745728, at *1 (D. Me. July 1, 2019). Finally, even if Plaintiff's complaint is construed to assert a tort claim, Plaintiff has alleged no facts that would support a punitive damage award because it does not allege anything approaching actual ill will or outrageous conduct that would give rise to an inference of malice.

Therefore, the Court should dismiss Plaintiff's claims for this relief.

## CONCLUSION

For the foregoing reasons, Defendant Interbake Foods, LLC respectfully asks the Court to dismiss Plaintiff Gregory Paul Violette's Complaint in its entirety, and for all other just and proper relief.

Dated: March 22, 2022.

                              Respectfully submitted,

                              */s/ Cyrus E. Cheslak*
                              Jeffrey D. Russell, Bar No. 4506
                              Cyrus E. Cheslak, Bar No. 6171
                              LAMBERT COFFIN

        Two Monument Square, Suite 400
        PO Box 15215
        Portland, Maine 04101
        207-874-4000
        jrussell@lambertcoffin.com
        ccheslak@lambertcoffin.com

        *Attorneys for Defendant Interbake Foods, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused a copy of the foregoing to be served by way of the ECF system, emailed all counsel of record, and sent via Certified Mail to Plaintiff's last known mailing address and email address, specifically those addresses that the Plaintiff included in the Summons and Complaint for his State court action that was removed to this Court..

      Dated at Portland, Maine, this 22nd day of March 2022.

                                           */s/ Cyrus E. Cheslak*
                                           Cyrus E. Cheslak
                                           *Attorney for Defendant Interbake Foods, LLC*

**LAMBERT COFFIN**
Two Monument Square, Suite 400
P.O. Box 15215
Portland, ME  04112-15215
(207) 874-4000
ccheslak@lambertcoffin.com