UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:22-cv-00052-LEW |
| ) | |
| INTERBAKE FOODS, LLC, ) | |
| ) | |
| Defendant(s) ) | |

**ORDER ON MOTION TO REMAND**

Gregory Paul Violette filed suit against Interbake Foods, LLC in Maine Superior Court, requesting punitive/exemplary damages in the amount of $550,000 because he has been eating Interbake's Oven Baked Fudge Mint Cookies (and other products from other manufacturers) for the past few years and has gained over 40 pounds, which weight gain he attributes to the high fructose corn syrup ("HFCS") Interbake Foods uses as an ingredient in its cookies.[1] He says Interbake Foods is liable to him for "unlawful acts" and "caus[ing] harm without legal justification." Compl. 2 (ECF No. 1-1).

Interbake Foods removed the case from the Superior Court to the United States District Court and now seeks dismissal of the claims. Motion to Dismiss (ECF No. 11). Violette thinks removal was improper and requests that the case be remanded to state court (ECF No. 12). He also explains that he believes Interbake's cookies are defective due to Interbake's use of HFCS and/or the failure to provide an adequate warning about the health risks associated with HFCS.

---

[1] Plaintiff recently filed similar suits involving HFCS against McKee Foods (No. 1:21-cv-00292-LEW) and Pepsi-Cola (No. 1:22-cv-00053-JAW). Plaintiff also happens to be a serial pro se litigant, as detailed in Interbake's motion to dismiss.

The asserted basis for the Court's jurisdiction is the diversity jurisdiction statute. 28 U.S.C. § 1332. For a defendant to remove to federal court an action filed against it in state court, based on diversity, the defendant must not be domiciled in the forum state, must be domiciled in a state different from the plaintiff, and the complaint must present a controversy that exceeds the sum or value of $75,000. *Id.* §§ 1332, 1441.

Violette's complaint indicates his mailing address is in Waterville, Maine, but makes no statement concerning the domicile of Interbake Foods. Through its removal petition, Interbake Foods indicates that it is a Maryland corporation with a principle place of business in Baltimore. Notice of Removal ¶ 3. I take it as established that there is diversity of citizenship between the parties and, therefore, consider whether Violette's complaint presents a controversy with a value in excess of $75,000. [2]

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery*, Ala., 320 U.S. 238, 240 (1943). However, Maine law allows punitive damages only for acts of malice or acts that are so outrageous that malice is implied. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Also, "[u]nder Maine law, an award of punitive damages must bear a relationship to the nature and extent of the wrong." *Ehrenfeld v. Webber*, 499 F. Supp. 1283, 1292 (D. Me. 1980) (citing *Farrell v. Kramer*, 159 Me. 387, 391, 193 A.2d 560, 562 (1963)). As Magistrate Judge Nivison observed in a recommended decision in *Kyricos v. Mary's Gone Crackers*, 1:15-CV-224-JAW, 2015 WL 13548155 (Sept. 29, 2015), *aff'd*, 2015 WL 13548156 (Nov. 25, 2015):

---

[2] Violette's demand for a certain dollar recovery is not controlling. In fact, Maine law prohibits the inclusion of a demand for a dollar amount in a complaint filed in state court. 14 M.R.S. § 52.

> "[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny ... than a claim for actual damages." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("[W]hen it appears that [a punitive damage claim] comprises the bulk of the amount in controversy and may have been colorably asserted or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny.")

In *Kyricos*, the Court considered a claim for punitive damages based on the allegation that the food manufacturer defendant knew of a defective manufacturing process that resulted in the plaintiff's injury – a broken tooth. Although the Court was willing to conclude that a punitive damages award was not out of the question, he still found that the amount in controversy did not exceed $75,000. Here, Violette's complaint does not include any factual allegations that would suggest the existence of grounds for an award of punitive damages. As I recently stated in *Violette v. McKee Foods*, No. 1:21-cv-00292 (D. Me.): "On the facts alleged by Violette, an award of punitive damages is a pie-in-the-sky fantasy." Order on Motion to Remand 3 (ECF No. 12).

The question thus becomes whether the controversy alleged in the complaint could result in a recovery of compensatory damages in excess of $75,000. On that issue, Violette alleges "over $5,566.00 in medical & mental health costs." Compl. 2. As the party advocating in favor of this Court's justisdiction, Interbake Foods needs to establish "that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Mojtabai v. Mojtabai*, 4 F.4th 77, 83–84 (1st Cir. 2021) (quoting *Dep't of Recreation & Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991)). A more plainspoken way of framing the inquiry is to ask "whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth [the jurisdictional minimum]." *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995) (quoting *Jimenez Puig v. Avis Rent-a-Car Sys.*, 574 F.2d 37, 40 (1st Cir. 1978)). Yet another way of approaching the issue, customarily employed by district courts in this circuit, is to "require[] the defendant to show by a preponderance of the evidence" that the amount in controversy exceeds

3

the jurisdictional requirement. *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004).

When I apply the *Coventry* standard, it strikes me that nobody familiar with the applicable law would believe that the controversy generated by Violette's complaint has a value in excess of $75,000. And when I apply the *Doughty* standard, I am impressed that there is nothing suggested by Interbake Foods in the way of evidence that would justify a contrary conclusion by a preponderance of the evidence. The value of a claim for compensatory damages by a plaintiff who overconsumes baked goods and soda containing high fructose corn syrup, assuming such a claim even reached a finder of fact, does not exceed $75,000.

Because subject matter jurisdiction is wanting in this case, Violette's Motion to Remand is GRANTED pursuant to 28 U.S.C. § 1447(c). Interbake Foods' Motion to Dismiss will be reserved for the Superior Court's consideration.

**SO ORDERED.**

Dated this 19th day of May, 2022.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE